# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM LOBOU GAMBLE, | CV F   05-1352 AWI DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| SCOTT KERNAN, Warden, | [Doc. 13] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

On March 11, 2003, Petitioner pled guilty to second degree burglary, a violation of California Penal Code section 459, and petty theft with a prior conviction, a violation of Penal Code section 666. (Petition, at 2; Lodged Doc. 1, at 1-2.) Petitioner admitted that he had suffered three prior convictions which were serious felonies within the meaning of California Penal Code section 1170.12 and resulted in prison terms within the meaning of California Penal Code section 667.5(b). (Petition, at 2; Lodged Doc. 1, at 1-2.)

Petitioner was sentenced pursuant to the Three Strikes Law to an indeterminate term of twenty-five years to life imprisonment plus three years imprisonment for the three prior prison terms. (Petition, at 2; Lodged Docs. 1, at 2-3.)

Petitioner timely appealed his conviction and sentence to the California Court of Appeal,

1

1  Fifth Appellate District.  (Lodged Doc. 1.)

2  While the direct appeal was pending before the Court of Appeal, Petitioner filed a petition for writ of habeas corpus in the Stanislaus County Superior Court on January 22, 2004, which was denied on February 2, 2004.  Petitioner filed another petition for writ of habeas corpus in the Stanislaus County Superior Court on April 4, 2004, which was denied on April 7, 2004.[1]

Petitioner filed a petition for writ of habeas corpus in the Fifth District Court of Appeal on April 16, 2004.  (Lodged Doc. 2.)  The Court of Appeal denied the petition without comment on April 22, 2004.  (Lodged Doc. 3.)

Petitioner filed a petition for writ of habeas corpus in the California Supreme Court on May 20, 2004.  (Lodged Doc. 4.)  The California Supreme Court denied the petition without comment on August 31, 2005.  (Lodged Doc. 5.)

On August 12, 2004, after Petitioner filed all of his state habeas corpus petitions, the Court of Appeal issued an unpublished opinion remanding the case back to the superior court to allow Petitioner a hearing on his motions to discharge counsel and to withdraw his guilty plea. (Lodged Doc. 1, at 4-5.)

Petitioner filed the instant petition for writ of habeas corpus on October 4, 2005.  On November 30, 2005, the Court directed Respondent to file a response to the petition.  (Court Doc. 11.)  Respondent filed the instant motion to dismiss on February 28, 2006, arguing that the Court should dismiss the instant petition based on the abstention doctrine.[2]  Petitioner filed a response on March 20, 2006.

## DISCUSSION

In the instant petition, Petitioner argues that the use of his prior convictions to increase

---

[1] Respondent indicates that he has twice requested copies of these two petitions and orders but has not yet received them.  The Court accepts Respondent's contention and assumes for purposes of this order that these facts are true.

[2] Although, as Respondent acknowledges, the Court's order of November 30, 2005, directed that a motion to dismiss based on exhaustion, statute of limitations, or a second or successive petition, be filed on or before February 3, 2006, Respondent submits that the grounds for the motion were not apparent when Respondent examined the federal petition and state petitions prior to February 3, 2006, for the existence of the three specified grounds for dismissal.  Based on Respondent's contention, the Court deems the instant motion to dismiss to be timely filed.

2

his sentence under the Three Strikes Law violates the plea agreements underlying those prior convictions. (Petition, at 5.) Petitioner further argues that the sentence enhancement under the Three Strikes Law is a "direct consequence" of the guilty plea in his prior convictions. (Petition, at 5.) Based on these contentions, Petitioner argues that the prior convictions cannot be used to enhance his sentence because he was not informed of the consequences at the time of the prior guilty pleas.

As Respondent submits, Petitioner presented these claims to the California Supreme Court in a petition for writ of habeas corpus filed on May 20, 2004. (Lodged Doc. 4.) Although Petitioner has exhausted the instant claims, on July 18, 2005, Petitioner has filed a second direct appeal in the California Court of Appeal challenging his underlying convictions. (Exhibit 1, attached to Motion.) This appeal, case number F048416, is taken from the superior court's judgment on remand pursuant to the Court of Appeal's opinion issued on August 12, 2004. (See Lodged Doc. 1.) The second appeal is still pending (see Exhibit 1, attached to Motion); therefore, his conviction is not final.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223 (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending).

The Supreme Court has held, however, that federal courts *can* abstain in cases that present a federal constitutional issue, but which can be mooted or altered by a state court determination. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813-14,

3

96 S.Ct. 1236, 1244 (1976); County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-89, 79 S.Ct. 1060, 1063 (1959); see also Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716-17, 116 S.Ct. 1712, 1721 (1996).  In determining whether it should abstain, a federal court should consider problems which can occur when two courts assume jurisdiction over the same claim - the inconvenience of the federal forum, the avoidance of piecemeal litigation, and the order in which the parties filed the state and federal proceedings.  Colorado River, 424 U.S. at 818-19, 96 S.Ct. at 1247.

Because Petitioner presently has an appeal pending in the California Court of Appeal which may decide the issues presented in the federal petition or render those issues moot by granting relief on another ground, this Court must refrain from deciding the instant petition. Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983); Roberts v. DiCarlo, 296 F.Supp.2d 1182, 1885 (C.D. Cal. 2003); Theriault v. Lamb, 377 F.Supp. 186, 189-90 (D. Nev. 1974). Petitioner has no objection to the instant motion and, in fact, states that he "join[s] the motion to dismiss without prejudice." (Opposition, at 1.)  Petitioner is not barred from seeking federal review when the state proceedings are concluded.  Roberts, 296 F.Supp.2d at 1185-86.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss be GRANTED; and

2. The instant petition be DISMISSED, without prejudice.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the

1  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
2  F.2d 1153 (9th Cir. 1991).

4     IT IS SO ORDERED.

5     **Dated:    March 30, 2006**                    **/s/ Dennis L. Beck**
   3b142a                                          UNITED STATES MAGISTRATE JUDGE